UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CR-44-TAV-HBG-1 |
| ROBIN WHITE, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 56]. The United States has filed a response in opposition [Doc. 61]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion will be **DENIED**.

**I.     Background**

On April 20, 2010, defendant pleaded guilty to one count of possession with intent to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Docs. 21, 24]. Defendant received a sentence of 72 months' imprisonment for the drug conviction, and a sentence of 60 months' imprisonment, to be run consecutive, for the firearms conviction, for a total of 132 months' imprisonment, to be followed by five (5) years of supervised release [Doc. 37].

Defendant is housed at FMC Lexington, which currently has one (1) active case of COVID-19 amongst the inmates, nine (9) active cases amongst the staff, and 332 staff and 919 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 13, 2021). Defendant is fifty-one (51) years old and is scheduled for release on July 23, 2027. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 13, 2021). As a basis for compassionate release, defendant argues that the change in law regarding 18 U.S.C. § 924(c) "stacking"[1] qualifies as extraordinary and compelling circumstances. Defendant does not assert she suffers from any serious medical conditions.

## II.    Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,

---

[1] Before the First Step Act, a defendant's first § 924(c) conviction carried a mandatory-minimum sentence of five years' incarceration, and each additional § 924(c) conviction carried a sentence of twenty-five years' incarceration, even if the defendant's § 924(c) convictions were part of the same indictment. 18 U.S.C. § 924(c) (2015). Under the First Step Act's new framework, only a defendant who has a prior final § 924(c) conviction is subject to the escalating mandatory-minimum sentences for a subsequent § 924(c) conviction. First Step Act, § 403(a) (codified at 18 U.S.C. 924(c)(1)(C)). The changes do not apply to defendants who had already been sentenced prior to the First Step Act's passage. First Step Act, § 403(b) (codified at 18 U.S.C. § 924 notes). The Court also notes that, in this case, defendant only has one § 924(c) conviction, and thus was not subject "stacked" § 924(c) convictions [Doc. 37].

2

5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 44].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in

3

> [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, as no policy statement applies to defendant-filed motions for compassionate release, the second requirement plays no role. *Id.*

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*,

138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States waives the exhaustion requirement in this case [Doc. 61]. Thus, the Court may consider the merits of defendant's request.

### B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant argues that the First Step Act's change to § 924(c) "stacking" satisfies the extraordinary and compelling requirement for compassionate release. Defendant, however, only faced one § 924(c) conviction, and thus did not face the additional twenty-five-year mandatory stacked sentence she would have received if she had been convicted of a second count under § 924(c) [Docs. 2, 37]. Instead, what defendant seeks is for the Court to alter the consecutive nature of defendant's single § 924(c) conviction, asking that it instead be served concurrent to the sentence for her drug conviction. The First Step Act, however, did not alter the consecutive nature of § 924(c) convictions, and defendant has cited no legal authority showing otherwise. *See* First Step Act, § 403(a) (codified at 18 U.S.C. 924(c)(1)(C)).

5

The Court also notes that the Sixth Circuit has foreclosed arguments that non-retroactive changes to the law, such as the changes to § 924(c), satisfy the extraordinary and compelling requirement of compassionate release. *See United States v. Hunter*, No. 21-1275, 2021 U.S. App. LEXIS 26115, 2021 WL 3855665, at *2 (6th Cir. Aug. 30, 2021); *see also United States v. Jarvis*, No. 20-3912, 2021 U.S. App. LEXIS 27052, at *1 (6th Cir. Sept. 8, 2021) (denying en banc review of decision which confirmed that non-retroactive changes to the law could not satisfy compassionate release's extraordinary and compelling requirement). Given that defendant only has one § 924(c) conviction, and thus would not qualify for the changes made by the First Step Act even if they were retroactive, the *Hunter* opinion is not directly on point. Regardless, though, if the non-retroactive changes to § 924(c) could not be considered if they were relevant to defendant's case, the Court finds no reason to consider them when they do not apply to her case. In reaching this decision, the Court recognizes that, under *Jones*, the Court may exercise its own discretion in making the extraordinary and compelling determination. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Court, exercising that discretion, rejects defendant's arguments.

Accordingly, for the reasons set forth above, the Court finds that the change in §924(c) "stacking" is not an extraordinary and compelling reason for compassionate release. Defendant has not stated any other basis for satisfying the extraordinary and compelling requirement. Accordingly, defendant's motion will be denied.

6

## IV. Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 56] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE